CLD-007                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2923
_____

IN RE: JOHN W. FINK,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-19-cv-09374)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 8, 2020

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 26, 2020)
_____

OPINION*
_____

PER CURIAM

    John W. Fink petitions for a writ of mandamus directing the District Judge

presiding over this civil action to disqualify himself. We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2012, Fink filed suit against a lawyer and law firm who represented him in previous litigation. The District Court entered summary judgment for the defendants in that action, and we affirmed. See Fink v. Kirchner, 731 F. App'x 157 (3d Cir.), cert. denied, 139 S. Ct. 598 (2018). After unsuccessfully seeking relief from our ruling in this Court and the United States Supreme Court, Fink filed the civil action at issue here. He named as defendants the same lawyer and law firm as well as the District Judge who presided over his previous action and the three judges of our Court who decided his previous appeal.

The District Court, through a different District Judge, dismissed Fink's amended complaint with prejudice and later denied his motion for reconsideration. Fink did not appeal and instead filed with the District Court what he called an "amended motion to declare void/vacate" those rulings (among others). That motion remains pending.[1] Fink later filed a motion asking the District Judge presiding over this proceeding to disqualify himself. (ECF No. 62.) That motion remains pending as well.

Fink now has filed a mandamus petition with our Court seeking an order directing the District Judge to disqualify himself. Mandamus is an extraordinary remedy that we have the discretion to grant only when, inter alia, the petitioner has no other adequate means of obtaining the relief sought. See In re Kensington Int'l Ltd., 353 F.3d 211, 219, 223-24 (3d Cir. 2003). "[T]hat standard cannot be met" when a mandamus petitioner seeks the District Judge's disqualification and when "a motion seeking the district judge's

---

[1] We express no opinion on whether that motion or any of Fink's other filings in the District Court trigger the provisions of Fed. R. App. P. 4(a)(4).

2

disqualification—the same relief sought in the mandamus petition[]—is pending in the district court". Id. at 224. Such is the case here. We do not understand Fink to be seeking an order directing the District Judge to rule on his disqualification motion. To the extent that Fink's petition can be construed to request such relief, such relief is not warranted because his disqualification motion has been pending only since August 2020. Cf. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We are confident that the District Judge will rule on that motion in due course.

For these reasons, we will deny Fink's mandamus petition.[2]

---

[2] We do not reach the merits of Fink's request for disqualification for the reason explained above, but we note that Fink appears to rely largely on the District Judge's rulings against him and that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Nevertheless, our denial of Fink's petition is without prejudice to his ability to file another mandamus petition (with another filing fee) if the District Judge denies his disqualification motion.